**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MERRY ROMANDO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF NAPERVILLE | ) | Case No. |
| OFFICER N. DESMOND, | ) | |
| OFFICER T.L. SPENCER, | ) | JURY DEMANDED |
| JOHN DOE OFFICER #1, | ) | |
| JOHN DOE OFFICER #2 | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT AT LAW**

NOW COMES the Plaintiff, MERRY ROMANDO, by and through her attorneys, BARNEY & KARAMANIS, LLP, and in complaining against the Defendants, CITY OF NAPERVILLE, OFFICER N. DESMOND, OFFICER T.L. SPENCER, JOHN DOE OFFICER #1 and JOHN DOE OFFICER #2, states as follows:

**JURISDICTION**

1. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §1983, the Judicial Code, 28 U.S.C. §1331 and 1343(a); the Constitution of the United States and the supplemental jurisdiction of this court as codified in 28 U.S.C. §1367(a). Venue is proper pursuant to 28 U.S.C. § 1301(b), as all or some of the parties reside in the Northern District of Illinois and the events giving rise to the claims occurred in this district.

## PARTIES

2. The Plaintiff, Merry Romando, is a citizen of the State of Illinois and the United States.

3. The Defendant, Officer N. Desmond ("Officer Desmond"), was at all times relevant to this Complaint a duly appointed and sworn police officer of the Naperville Police Department engaged in the conduct complained of herein in the course and scope of his employment and while on duty.

4. The Defendant, Officer T.L. Spencer ("Officer Spencer"), was at all times relevant to this Complaint a duly appointed and sworn police officer of the Naperville Police Department engaged in the conduct complained of herein in the course and scope of her employment and while on duty.

5. The Defendants, John Doe Officer #1 and John Doe Officer #2, were at all times relevant to this Complaint a duly appointed and sworn police officers of the Naperville Police Department engaged in the conduct complained of herein in the course and scope of their employment and while on duty.

6. Officer Desmond, Officer Spencer, John Doe Officer #1 and John Doe Officer #2 are sued in their individual capacity.

7. When the Defendant Officers Desmond, Spencer, John Doe #1 and John Doe #2 (hereinafter collectively "Defendant Officers") were engaged in the conduct alleged in this Complaint, they were acting as agents of Defendant City of Naperville.

8. When the Defendant Officers engaged in the conduct alleged in this Complaint, they were acting under color of law.

9. Pursuant to 745 ILCS 10/9-102, the Defendant City of Naperville is a duly incorporated municipal corporation and is liable for any judgments entered against the individual Defendant officers Desmond, Spencer, John Doe #1 or John Doe #2 arising in the course of their employment.

## FACTS COMMON TO ALL COUNTS

10. On or about May 4, 2019, Officer Desmond and Officer Spencer, of the Naperville Police Department responded to a report of an automobile collision at or around 24024 Brancaster Drive and Illinois Route 59 (the "Collision").

11. Upon arriving at the scene, the Defendant Officers began investigating the cause of the Collision and determined that Romando may have played some role in the cause of the Collision.

12. Romando had a physician's appointment near the Collision at 24024 Brancaster Drive, Naperville, Illinois (the "Appointment") and had allegedly overshot the entranceway to the Appointment, then backed up on Route 59 in order to gain access to the entranceway.

13. On information and belief, the other individuals involved in the accident claimed that Romando's vehicle had allegedly backed up, and caused the cars behind her to stop suddenly and collide with each other.

14. At all relevant times herein, Romando's vehicle did not hit any other vehicle, and no other vehicle came into contact with Romando's vehicle.

15. At approximately the same time the collision occurred, Romando proceeded to go to the Appointment.

16. While interviewing the persons involved in the collision, Defendant Desmond determined that it was necessary to interview Romando for purposes of ascertaining her role, if any, in the Collision.

17. Defendant Desmond entered the professional office building of the Appointment and interviewed Romando who reported to Desmond that she was not involved in the Collision and, on advice of counsel who was present on speaker-phone, refused to provide any information to Desmond.

18. Sometime later, Defendant Spencer entered the professional building to interview Romando for a second time and requested Romando's identification and insurance information.

19. During the conversation, Romando again had her attorney on speakerphone, and under advice of counsel, Romando provided Defendant Spencer with her identification in the form of her driver's license, but, did not provide proof of insurance.

20. After obtaining Romando's driver's license, Defendant Spencer returned to the squad car occupied by Defendant Desmond, and checked on Romando's background and found it to be clear of any warrants or other arrests.

21. Defendants Desmond and Spencer then discussed what, if any, action to take because of Romando's refusal to provide proof of insurance on advice of counsel.

22. Defendant Spencer suggested to Defendant Desmond that they issue Romando a citation for failure to provide proof of insurance at an accident scene and then release her.

23. Defendant Desmond then telephoned John Doe Officer #1 seeking advice on how to deal with Romando's perceived noncompliance with failing to provide proof of insurance.

24. John Doe Officer #1, suggested to Defendant Desmond that they provide Romando with one more chance to provide proof of insurance, and that if she did not so provide, that the situation may need to be escalated and that they may need to arrest Romando.

25. Defendants Desmond and Spencer then re-approached Romando outside the Appointment professional building and again requested her proof of insurance and indicated that if she did provide proof of insurance, she would be arrested.

26. At that time, Romando had her attorney on speakerphone, who again advised Romando that she did not have to provide proof of insurance, and needed to only provide her driver's license which she had already provided.

27. Not satisfied with simply citing Romando for failure to provide proof of insurance, and without provocation, Defendants Desmond and Spencer violently charged Romando and forcibly handcuffed her.

28. Mr. Romando did not resist arrest at any point in time.

29. After Romando was handcuffed, Defendant Desmond telephoned John Doe Officer #2, and informed him of the decision, and John Doe Officer #2, who, on information and belief, was Defendant Desmond's supervisor, consented and approved of the arrest.

30. Immediately after being handcuffed, Romando, pleaded with Defendants Desmond and Spencer to provide the proof of insurance, however, Defendant Desmond refused to accept proof of insurance at that time and responded to Romando that it was "too late."

31. Due to her many medical conditions that she related to Defendants Desmond and Spencer, which included anxiety and claustrophobia, Romando defecated upon herself and requested that she be handcuffed in front rather than the back and to no be placed into the

confining back seat of the patrol car. Defendants Desmond and Spencer refused to accommodate any request of Romando, including her severe anxiety and claustrophobia.

32. Ms. Romando sustained severe injuries to her wrists and was psychologically harmed as a result of Defendant Officers unlawful arrest and excessive use of force.

33. The Plaintiff, Merry Romando, did not perform any acts to cause the Defendant Officers, or any police officer, to believe that she was going to cause them injury on May 4, 2019.

34. The Plaintiff, Merry Romando, did not perform any acts that justified Defendant Officers, or any police officer, to cause an arrest or use excessive force on May 4, 2019.

35. Without any lawful basis, Defendants Desmond and Spencer arrested Plaintiff Romando.

36. On May 4, 2019, Plaintiff Romando did not:

a. Strike any of the Defendant Officers:

b. Violate the law in the presence of any of the Defendant Officers; or

c. Violate the law at any time; or

d. Use force directed at or against any of the Defendant Officers.

37. On May 4, 2019, Plaintiff Romando did not obstruct Defendant Officers and in fact, was never charged with obstruction of justice in violation of any Illinois statute, because there was a finding of no probable cause.

38. On May 4, 2019, Plaintiff Romando did not fail to give information and render aid to the Defendant Officers in violation of 625 ILCS 5/11-403.

39. On May 23, 2019, the charge of failing to give information and render aid to the Defendant Officers was dismissed *nolle prosequi*.

40. On May 4, 2019, Plaintiff did not back up unsafely in violation of 625 ILCS 5/11-1402(a).

41. On May 23, 2019, the charge of unsafe backing on a roadway was dismissed *nolle prosequi*.

42. On May 4, 2019, Plaintiff Romando did not commit an act contrary to the laws of the State of Illinois and was not at any time the focus or subject of a criminal investigation.

43. The arrest and use of force initiated and utilized by the Defendant Officers was excessive, unreasonable, unnecessary, willful, and with reckless disregard for the rights of the Plaintiff.

44. Plaintiff Romando was placed under arrest even though the Defendant Officers knew that no reasonable suspicion, probable cause, or other legal basis existed for the arrest or prosecution of Plaintiff Romando.

45. An unlawful search of Plaintiff Romando's handbag was conducted after the arrest which allegedly disclosed a controlled substance, however, there was a finding no probable cause and Plaintiff was not charged.

46. On May 4, 2019, and thereafter, the Defendant Officers made an agreement to violate the rights of Plaintiff Romando and took steps in furtherance thereof, including but not limited to the filing of false and incomplete police reports and charges.

47. The Defendants knew that by filing these false and incomplete reports and charges, and conspiring to file these charges, the Plaintiff Romando would be criminally prosecuted.

48. The Plaintiff Romando was criminally prosecuted based on the known falsehoods that the Defendant Officers created when they drafted, agreed to draft and/or conspired to draft false police reports and criminal charges against the Plaintiff Romando.

49. As a direct and proximate result of one or more of the aforesaid acts and omissions of the Defendant Officers, the Plaintiff was caused to suffer serious and permanent injury, pain, and mental anguish.

## COUNT I

**(Section 1983 Excessive Use of Force Against the Defendant Officers)**

50. Plaintiffs repeat and reallege Paragraphs 1 through 49 of this Complaint as and for Paragraph 50 of this Count I as if fully set forth herein.

51. This Count is brought pursuant to 42 U.S.C. §1983 and the Constitution of the United States.

52. The actions of Officer Desmond and Officer Spencer amount to an excessive use of force onto Romando. This conduct violated the Plaintiff's Fourth Amendment right to be free from unreasonable search and seizure.

53. The aforementioned actions of the Defendants Desmond and Spencer were the direct and proximate cause of the constitutional violations set forth herein.

54. The aforementioned actions of said Defendants Desmond and Spencer directly and proximately caused the Plaintiff to sustain, without limitation, serious injuries, pain and suffering, anguish, humiliation, emotional distress and has rendered the Plaintiff unable to work or engage in her other activities.

WHEREFORE, the Plaintiff, Merry Romando, by and through her attorneys, Barney & Karamanis, LLP, respectfully requests that this Honorable Court enter an order for judgment

against Defendants, OFFICER N. DESMOND, OFFICER T.L. SPENCER, JOHN DOE OFFICER #1 and JOHN DOE OFFICER #2, individually and as agents, servants, or employees of Defendant CITY OF NAPERVILLE, and demands compensatory damages, punitive damages, costs and attorney fees and any further relief this Honorable Court deems fair and just.

## COUNT II

**(False Arrest Claim Pursuant to 42 U.S.C. § 1983 and the Fourth Amendment to the U.S. Constitution against Defendants)**

55. Plaintiffs repeat and reallege Paragraphs 1 through 49 of this Complaint as and for Paragraph 55 of this Count II as if fully set forth herein.

56. On or about May 4, 2019, the Defendant Officers arrested, participated in, and/or caused the arrest of Plaintiff Romando without probable cause to believe that Plaintiff Romando had committed, was committing, or was going to commit any criminal act.

57. Defendants Desmond, Spencer, John Doe Officer #1 and John Doe Officer #2 were at all times acting under the color of state law in their capacity as officers with the Naperville Police Department and the City of Naperville.

58. The actions of Defendants Desmond, Spencer, John Doe Officer #1 and John Doe Officer #2 violated the Fourth Amendment to the United States Constitution.

59. The aforementioned actions of the Defendant Officers were the direct and proximate cause of the constitutional violations set forth herein.

60. The City of Naperville and the Naperville Police Department failed to properly train and supervise Defendant Officers on proper grounds upon which to arrest persons in Plaintiff Romando's position and evinces a custom, policy, or practice by the Naperville Police Department.

61. The aforementioned actions of said Defendant Officers directly and proximately caused the Plaintiff to sustain, without limitation, serious injuries, pain and suffering, anguish, humiliation, emotional distress and has rendered the Plaintiff unable to work or engage in her other activities.

WHEREFORE, the Plaintiff, Merry Romando, by and through her attorneys, Barney & Karamanis, LLP, respectfully requests that this Honorable Court enter an order for judgment against Defendants, CITY OF NAPERVILLE, OFFICER N. DESMOND, OFFICER T.L. SPENCER, JOHN DOE OFFICER #1 and JOHN DOE OFFICER #2, individually and as agents, servants, or employees of Defendant CITY OF NAPERVILLE, and demands compensatory damages, punitive damages, costs and attorney fees and any further relief this Honorable Court deems fair and just.

**COUNT III**

**(Conspiracy Claim against all DEFENDANT OFFICERS pursuant to 42 U.S.C. § 1983)**

62. Plaintiffs repeat and reallege Paragraphs 1 through 49 of this Complaint as and for Paragraph 62 of this Count III as if fully set forth herein.

63. One or more of the Defendant Officers conspired and acted together to cause damage to Plaintiff Romando by the following actions:

a. Agreeing to detain Plaintiff Romando without reasonable suspicion to believe that she had committed, was committing, or was about to commit any criminal act;

b. Agreeing to arrest Plaintiff Romando without probable cause; and

c. Agreeing to falsely file criminal charges and institute criminal proceedings against Plaintiff Romando.

64. One or more of the Defendant Officers conspired and acted together to cover up the detention of Plaintiff Romando without reasonable suspicion and the arrest of Plaintiff without probable cause, by generating false and/or incomplete official reports regarding the activities of Plaintiff Romando.

65. One or more of the Defendant Officers conspired and acted together to cover up the use of excessive force against Plaintiff Romando by generating false and/or incomplete official reports regarding the activities involving Plaintiff Romando, alleged above.

66. One or more of the Defendant Officers conspired and acted together to cover up and prevent disclosure of their misconduct, alleged above, by generating false and/or incomplete official reports regarding the activities involving Plaintiff Romando, alleged above, and giving false and incomplete versions of the events to other officers and/or the State's Attorney's Office.

67. As a result of this conspiracy, the Defendant Officers, by and through their conduct, directly and proximately caused Plaintiff Romando to suffer physical injury, humiliation, fear, anxiety, and emotional distress, to be charged with criminal allegations, and to incur financial losses, including, but not limited to, attorney's fees.

68. The aforementioned actions of said Defendant Officers directly and proximately caused the Plaintiff to sustain, without limitation, serious injuries, pain and suffering, anguish, humiliation, emotional distress and has rendered the Plaintiff unable to work or engage in her other activities.

WHEREFORE, the Plaintiff, Merry Romando, by and through her attorneys, Barney & Karamanis, LLP, respectfully requests that this Honorable Court enter an order for judgment against Defendants, CITY OF NAPERVILLE, OFFICER N. DESMOND, OFFICER T.L. SPENCER, JOHN DOE OFFICER #1 and JOHN DOE OFFICER #2, individually and as agents,

servants, or employees of Defendant CITY OF NAPERVILLE, and demands compensatory damages, punitive damages, costs and attorney fees and any further relief this Honorable Court deems fair and just.

**COUNT IV**

**(Illinois State Law Claim of Malicious Prosecution against all DEFENDANT OFFICERS)**

69. Plaintiffs repeat and reallege Paragraphs 1 through 49 of this Complaint as and for Paragraph 69 of this Count IV as if fully set forth herein.

70. Plaintiff Romando was improperly subjected to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury, and all such proceedings were terminated in Plaintiff Romando's favor in a manner indicative of innocence.

71. Plaintiff Romando was charged with failure to give information pursuant to 625 ILCS § 5/11-403.

72. The failure to give information charge was dismissed *nolle prosequi* on May 23, 2019.

73. Plaintiff Romando was charged with unsafe backing on a roadway pursuant to 625 ILCS § 5/11-1402(a).

74. The unsafe backing charge was dismissed *nolle prosequi* on May 23, 2019.

75. The Incident/Investigation Report of Defendant Desmond listed as Crime Incidents: (1) Possession of Controlled Substance; and (2) Resist, Obstruct, Disarm An Officer – neither of which Plaintiff was charged as they were both dismissed for lack of probable cause. Exhibit "A" (the "Incident Report")

76. Defendant Desmond knew when he drafted the Incident Report that it was false.

77. The drafting of the Incident Report by Defendant Desmond was a significant cause to the initiation and prosecution of the criminal complaint against Plaintiff Romando.

78. Defendant Desmond contacted the Will County State's Attorney's office and advised the State's Attorney Debbie Mills of the facts contained in the Incident Report.

79. The contacting of State's Attorney Mills by Desmond was a significant cause to the initiation and prosecution of the criminal prosecution of Plaintiff Romando.

80. In official police documents, the Defendant Officers accused Plaintiff Romando of criminal activity and made statements to prosecutors and to others including, but not limited to, other Naperville police officers and officials of the Defendant City of Naperville with the intent of exerting influence to institute and/or continue judicial proceedings against Plaintiff Romando.

81. The Defendant Officers knew or should have known that the above-alleged accusations against Plaintiff Romando of criminal activity were without probable cause.

82. Defendant Officers' statements regarding Plaintiff's alleged culpability were made with knowledge that the statements were false and/or perjurious. In making these statements, the Defendant Officers fabricated evidence and withheld exculpatory information regarding Plaintiff Romando.

83. As a result of the Defendants' unconstitutional and wrongful conduct, Plaintiff Romando has suffered pain and injury, including but not limited to, damaged reputation, financial loss and emotional distress.

WHEREFORE, the Plaintiff, Merry Romando, by and through her attorneys, Barney & Karamanis, LLP, respectfully requests that this Honorable Court find Defendant Officers Desmond, Spencer, John Doe Officer #1 and/or John Doe Officer #2, individually and as agents,

servants, or employees of Defendant CITY OF NAPERVILLE, liable for the acts alleged above, and demands that pursuant to 745 ILCS 10/9-102 and all other applicable law, Defendant the City of Naperville, Illinois, pay the Plaintiff any judgment obtained against Defendant Officers Desmond, Spencer, John Doe Officer #1 and/or John Doe Officer #2, as a result of this Complaint and that this Honorable Court award any further relief deemed fair and just.

**COUNT V**

**(State Claim – Assault and Battery)**

84. Plaintiffs repeat and reallege Paragraphs 1 through 49 of this Complaint as and for Paragraph 84 of this Count V as if fully set forth herein.

85. The acts of Defendant Officers Desmond and Spencer as described above were affirmative acts intended to cause an intermitted contact of a harmful and/or offensive nature to which the Plaintiff Romando did not consent, thus, constituting an assault and battery under the laws and Constitution of the State of Illinois.

86. The aforementioned assault and battery directly and proximately caused Plaintiff to sustain serious injury, pain, anguish, emotional distress and has rendered the Plaintiff Romando unable to work or engage in other activities.

WHEREFORE, the Plaintiff, Merry Romando, by and through her attorneys, Barney & Karamanis, LLP, respectfully requests that this Honorable Court enter an order for judgment against Defendants, CITY OF NAPERVILLE, OFFICER N. DESMOND, OFFICER T.L. SPENCER, JOHN DOE OFFICER #1 and JOHN DOE OFFICER #2, individually and as agents, servants, or employees of Defendant CITY OF NAPERVILLE, and demands compensatory damages, punitive damages, costs and attorney fees and any further relief this Honorable Court deems fair and just.

## COUNT VI

**(Illegal Search and Seizure Pursuant to 42 U.S.C. §§ 1983, 1988, Violation of Fourth and Fourteenth Amendment Rights)**

87. Plaintiffs repeat and reallege Paragraphs 1 through 49 of this Complaint as and for Paragraph 87 of this Count VI as if fully set forth herein.

88. The Defendant Officers Desmond and Spencer lacked probable cause to arrest or detain Plaintiff. Additionally, Defendant Officers failed to articulate a reasonable basis for criminal conduct prior to the search and seizure of Plaintiff Romando.

89. Plaintiff at no time consented to the seizure or search by Defendants.

90. Defendants Desmond and Spencer had no reasonable basis to suspect illegal conduct by Plaintiff Romando and to continue to question her. After verifying that Plaintiff Romando's license was valid and that she was in the presence of counsel who advised her to provide only the driver's license, the inquiry by the Defendant Officers should have ended there, with at most a citation issued for failure to provide proof of insurance. Defendant Officers had no reasonable basis to hold, charge or arrest Plaintiff Romando.

91. As a direct and proximate result of the Defendant Officers' violations of Plaintiff Romando's statutory and constitutional rights as described herein, Plaintiff Romando has suffered damage to her reputation, humiliation, embarrassment, anguish and emotional distress and has rendered the Plaintiff Romando unable to work or engage in other activities.

WHEREFORE, the Plaintiff, Merry Romando, by and through her attorneys, Barney & Karamanis, LLP, respectfully requests that this Honorable Court enter an order for judgment against Defendants, CITY OF NAPERVILLE, OFFICER N. DESMOND, OFFICER T.L. SPENCER, JOHN DOE OFFICER #1 and JOHN DOE OFFICER #2, individually and as agents, servants, or employees of Defendant CITY OF NAPERVILLE, and demands compensatory

damages, punitive damages, costs and attorney fees and any further relief this Honorable Court deems fair and just.

**COUNT VII**

**(State Claim - Intentional Infliction of Emotional Distress)**

92. Plaintiffs repeat and reallege Paragraphs 1 through 49 of this Complaint as and for Paragraph 92 of this Count VII as if fully set forth herein.

93. The conduct of Defendant Officers was outrageous in that it exceeded all possible bounds of decency.

94. The conduct of Defendant Officers violently approaching Plaintiff Romando and forcibly handcuffing her behind her back, and then failing to accommodate her medical conditions of anxiety, claustrophobia and emotional instability to the point where Plaintiff defecated upon herself, was particularly egregious when they knew that the Plaintiff was particularly vulnerable to emotional distress and that their conduct would likely result in harm to Plaintiff because of that susceptibility.

95. The Defendant Officers knew or reasonably should have known that their reckless disregard for Plaintiff's safety and wellbeing would cause her severe emotional distress.

96. As a result of the actions of Defendant Officers, Plaintiff Romando has suffered severe emotional distress that was substantial, causing anguish, fright, horror, nervousness, grief, anxiety, shock humiliation and shame.

WHEREFORE, the Plaintiff, Merry Romando, by and through her attorneys, Barney & Karamanis, LLP, respectfully requests that this Honorable Court enter an order for judgment against Defendants, CITY OF NAPERVILLE, OFFICER N. DESMOND, OFFICER T.L. SPENCER, JOHN DOE OFFICER #1 and JOHN DOE OFFICER #2, individually and as agents,

servants, or employees of Defendant CITY OF NAPERVILLE, and demands compensatory damages, punitive damages, costs and attorney fees and any further relief this Honorable Court deems fair and just.

**COUNT VIII**

**(False Imprisonment pursuant to 42 U.S.C. § 1983)**

97. Plaintiffs repeat and reallege Paragraphs 1 through 49 of this Complaint as and for Paragraph 97 of this Count VIII as if fully set forth herein.

98. As aforementioned, Defendant Officers, while acting individually, jointly and conspiratorially, while under color of law and within the scope of their employment, caused Plaintiff to be falsely imprisoned in violation of her constitutional rights.

99. As a result of this violation, Plaintiff has sustained injuries including but not limited to, anguish, fright, horror, nervousness, grief, shock, humiliation, shame and emotional distress.

WHEREFORE, the Plaintiff, Merry Romando, by and through her attorneys, Barney & Karamanis, LLP, respectfully requests that this Honorable Court enter an order for judgment against Defendants, CITY OF NAPERVILLE, OFFICER N. DESMOND, OFFICER T.L. SPENCER, JOHN DOE OFFICER #1 and JOHN DOE OFFICER #2, individually and as agents, servants, or employees of Defendant CITY OF NAPERVILLE, and demands compensatory damages, punitive damages, costs and attorney fees and any further relief this Honorable Court deems fair and just.

**COUNT IX**

**(State Claim – Indemnification against the Defendant City of Naperville)**

100. Plaintiffs repeat and reallege Paragraphs 1 through 49 of this Complaint as and for Paragraph 100 of this Count IX as if fully set forth herein.

101. Defendant Officers committed the acts alleged above under color of law, while on duty, and in the scope of their employment by Defendant City of Naperville.

WHEREFORE, the Plaintiff, Merry Romando, by and through her attorneys, Barney & Karamanis, LLP, respectfully requests that this Honorable Court find Defendant Officers Desmond, Spencer, John Doe Officer #1 and/or John Doe Officer #2, individually and as agents, servants, or employees of Defendant CITY OF NAPERVILLE, liable for the acts alleged above, and demands that pursuant to 745 ILCS 10/9-102 and all other applicable law, Defendant the City of Naperville, Illinois, pay the Plaintiff any judgment obtained against Defendant Officers Desmond, Spencer, John Doe Officer #1 and/or John Doe Officer #2, as a result of this Complaint and that this Honorable Court award any further relief deemed fair and just.

**COUNT X**

**(State Claim- Respondeat Superior Against Defendant City of Naperville, Illinois)**

102. Plaintiffs repeat and reallege Paragraphs 1 through 49 of this Complaint as and for Paragraph 102 of this Count X as if fully set forth herein.

103. The Defendant Officers Desmond, Spencer, John Doe Officer #1 and/or John Doe Officer #2 were at all times relevant to this complaint employees of the City of Naperville, Illinois, and engaged in the conduct complained of in the course and scope of their employment as police officers and while on duty.

104. The City of Naperville, Illinois, is a duly incorporated municipal corporation and is the employer and principal of Defendant Officers Desmond, Spencer, John Doe Officer #1 and/or John Doe Officer #2.

105. The aforesaid acts of Defendant Officers Desmond, Spencer, John Doe Officer #1 and/or John Doe Officer #2 were in the scope of their employment as Officers with the Naperville Police Department, were willful and wanton, and therefore the Defendant, the City of Naperville, Illinois, as principal of all the Defendant Officers is liable for the actions of its agents under the doctrine of *respondeat superior*.

WHEREFORE, the Plaintiff, Merry Romando, by and through her attorneys, Barney & Karamanis, LLP, respectfully requests that this Honorable Court find Defendant Officers Desmond, Spencer, John Doe Officer #1 and/or John Doe Officer #2, individually and as agents, servants, or employees of Defendant CITY OF NAPERVILLE, liable for the acts alleged above, and demands that pursuant to 745 ILCS 10/9-102 and all other applicable law, Defendant the City of Naperville, Illinois, pay the Plaintiff any judgment obtained against Defendant Officers Desmond, Spencer, John Doe Officer #1 and/or John Doe Officer #2, as a result of this Complaint and that this Honorable Court award any further relief deemed fair and just.

**JURY DEMAND**

PLAINTIFF Romando demands trial by jury.

Respectfully submitted,

**MERRY G. ROMANDO**

By: /s/James A. Karamanis_____
One of Plaintiff's Attorneys

James A. Karamanis (ARDC #6203479)
BARNEY & KARAMANIS, LLP
Two Prudential Plaza
180 N. Stetson Ave. Suite 3050
Chicago, Illinois 60601
Phone: 312-553-5300
james@bkchicagolaw.com