UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MERRY ROMANDO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 20 C 2701 |
| | ) | |
| CITY OF NAPERVILLE, OFFICER N. DESMOND, OFFICER T.L. SPENCER, JOHN DOE OFFICER #1, JOHN DOE OFFICER #2, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

**CHARLES P. KOCORAS, District Judge:**

Before the Court is Defendants' Motion to Dismiss Plaintiff Merry Romando's ("Romando") Complaint under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court will grant the motion in part.

## BACKGROUND

For the purposes of this motion, the Court accepts as true the following facts from the Complaint. *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665-66 (7th Cir. 2013). All reasonable inferences are drawn in Romando's favor. *League of Women Voters of Chicago v. City of Chicago*, 757 F.3d 722, 724 (7th Cir. 2014).

Plaintiff Romando is a citizen of Illinois. Defendants Officer N. Desmond ("Desmond"), Officer T.L. Spencer ("Spencer"), John Doe Officer #1, and John Doe

Officer #2 are police officers with the Naperville Police Department. Defendant City of Naperville ("City") is a municipal corporation under the laws of the State of Illinois.

On May 4, 2019, Romando was driving to a physician's appointment near Brancaster Drive and Illinois Route 59 in Naperville, Illinois. According to Defendants, Romando overshot the entranceway to her doctor's office, stopped her car, and reversed her car on Route 59 in order to access the doctor's office. Thereafter, Officer Spencer and Officer Desmond responded to a related automobile collision on Route 59. The Officers interviewed the individuals involved in the collision. Those individuals told the Officers that Romando's car backed up and caused their vehicles to suddenly stop and collide with each other.

Desmond entered the office building to speak with Romando. Romando told Desmond that she was not involved in the collision and refused to provide any further information on the advice of counsel, who was present on speakerphone. Later, Spencer entered the building to speak to Romando a second time. Spencer asked Romando for identification and insurance information. Romando provided Spencer with her driver's license but refused to provide proof of insurance on the advice of counsel.

Officer Spencer returned to his squad car to check Romando's information and talk to Desmond. Romando alleges that Desmond then contacted John Doe Officer #1, who allegedly told Desmond to ask for the insurance information one more time and to arrested her if she continued to refuse to comply. Desmond and Spencer then approached Romando outside the building and again requested proof of insurance and

2

informed her that she would be arrested if she failed to comply. Romando, with her attorney still on speakerphone, refused to comply.

Romado alleges that Desmond and Spencer "violently charged" her and "forcibly" handcuffed her. After she was handcuffed, Desmond allegedly called John Doe Officer #2, who consented and approved of the arrest. Romando says that she begged to be able to provide her proof of insurance but the Officers told her it was "too late." Romando alleges that she told the Officers of her medical conditions, which include anxiety and claustrophobia, and asked the Officers to be handcuffed in front of her body, and to not be placed in the back of the patrol car. The Officers refused to comply with her requests. Romando alleges that she defecated herself as a result. Additionally, Romando alleges that she suffered severe injuries to her wrists and was psychologically harmed.

Romando was subsequently charged with failing to give information and render aid, unsafe backing on a roadway, and possession of a controlled substance. All of the charges were dismissed *nolle prosequi*. Romando maintains that she did not violate any law, resist arrest or direct force at the Officers, or give the Officers any other reason for arresting her. She alleges that her charges were based on the false and incomplete police reports of Defendants.

Based on these facts, Romando filed her complaint on May 4, 2020, alleging: excessive use of force under 42 U.S.C. § 1983 (Count I); false arrest in violation of the Fourth Amendment under Section 1983 (Count II); conspiracy under Section 1983

(Count III); state law malicious prosecution (Count IV); assault and battery (Count V); illegal search and seizure in violation of the Fourth and Fourteenth Amendments under Section 1983 (Count VI); intentional infliction of emotional distress (Count VII); false imprisonment under Section 1983 (Count VIII); indemnification against the City (Count IX); and respondeat superior against the City (Count X). Defendants now move to dismiss the complaint under Rule 12(b)(6).

## **LEGAL STANDARD**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the sufficiency of the complaint, not the merits of the case." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). The allegations in the complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff need not provide detailed factual allegations, but it must provide enough factual support to raise its right to relief above a speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A claim must be facially plausible, meaning that the pleadings must "allow . . . the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The claim must be described "in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "[T]hreadbare recitals of the elements of a cause of action, supported by mere

4

conclusory statements," are insufficient to withstand a 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 678.

## DISCUSSION

Defendants urge the Court to dismiss Romando's complaint in its entirety. Romando concedes that the City is not liable under the doctrine of respondeat superior. Accordingly, Count X is dismissed. We address the remaining arguments in turn.

**I.   False Arrest, False Imprisonment, Malicious Prosecution, and Illegal Search (Counts II, VIII, IV, VI)**

Defendants argue that Romando's false arrest, false imprisonment, and malicious prosecution claims must be dismissed because there was probable cause to arrest Romando.

Police officers have probable cause to arrest if the facts and circumstances within the officer's knowledge at the time of the arrest are sufficient to cause a reasonable person to believe that the suspect has committed, is committing, or is about to commit an offense. *Mustafa v. City of Chicago*, 442 F.3d 544, 548 (7th Cir. 2008). Because of the objective nature of this inquiry, courts look to the conclusions that the arresting officer reasonably might have drawn based on the information known to him rather than his subjective reasons for making the arrest. *Id.* The Supreme Court has held that an individual may be arrested for even very minor offenses. *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001) ("If an officer has probable cause to believe that an individual

has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender.").

While Defendants' make well-reasoned arguments as to the existence of probable cause, we believe it is too early to determine the issue. Romando alleges that the officers lacked probable cause to arrest her and that she did not commit any of the alleged crimes or acts. At this stage, we must take these allegations as true. Additionally, these allegations support a reasonable inference that the dismissal of the criminal proceedings were favorable to Romando and support Romando's malicious prosecution claim at this stage. *See Swick v. Liataud*, 169 Ill.2d 504, 513 (1996).

At bottom, the highly fact-based nature of these arguments is more amenable to resolution at a later stage after discovery has allowed for a clearer picture of the events. Accordingly, the motion to dismiss these claims is denied.

## II. Conspiracy (Count III)

Defendants argue that Romando's conspiracy claim must be dismissed because there is no underlying constitutional violation.[1] We disagree, since we have found that it is premature to determine the issue of probable cause at this time.

To state a claim for civil conspiracy, the plaintiff must allege the specific defendants involved in the conspiracy, the general purpose, and the approximate date.

---

[1] Defendants also argue that the conspiracy claim must be dismissed to the extent that Romando pleads a cover-up of the alleged excessive use of force. As Romado does not appear to respond to this argument, we grant the motion to dismiss this claim to the extent Romando alleges a cover-up of the alleged excessive use of force. *See Schaeffer v. Universal Scaffolding & Equip., LLC*, 839 F.3d 599, 607 (7th Cir. 2016) ("Perfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority").

*Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006). There is no need for any more factual detail than any other type of case; that is, the plaintiff does not have to provide a "precise causal connection" between the actions of the defendants and the alleged violations. *Pratt v. Tarr*, 464 F.3d 730, 733 (7th Cir. 2006). Instead, the plaintiff is simply expected to plausibly allege that they have a "tenable theory or basis of suit" and provide defendants with adequate notice of the claims against them. *Id.* (cleaned up).

Romando alleges that Officer Desmond and Officer Spencer conspired to arrest her without probable cause on May 4, 2019, after consulting with John Doe Officer #1. Romando says that this conspiracy was in retaliation for not answering the officers' questions and listening to the advice of her attorney. These allegations, taken as true, are sufficient at this stage. While this claim may ultimately succeed or fail based on the existence of probable cause, we again believe it is too early to determine if the officers had probable cause without the benefit of discovery. Accordingly, the motion to dismiss Count III is denied.

**III.     Intentional Infliction of Emotional Distress (Count VII)**

Defendants argue that Romando's IIED claim should be dismissed because their conduct was not extreme and outrageous conduct. We agree.

To state an IIED claim under Illinois law, a plaintiff must allege: (1) that defendant's conduct was extreme and outrageous; (2) the defendant either intended that his conduct should inflict severe emotional distress or knew that there was a high

7

probability that his conduct would cause severe emotional distress; and (3) the defendant's conduct in fact caused severe emotional distress. *Cook v. Winfrey*, 141 F.3d 322, 330 (7th Cir. 1998). "

Whether conduct is extreme and outrageous is determined using an objective standard based upon all of the facts and circumstances present in a particular case. *Taliani v. Resurreccion*, 2018 IL App (3d) 160327, ¶ 26. "Extreme and outrageous behavior will not be found with mere insults, indignities, threats, annoyances, petty oppressions, or trivialities." *Duffy v. Orlan Brook Condo. Owners' Ass'n*, 2012 IL App (1st) 113577, ¶ 36. "Rather, for extreme and outrageous conduct, the nature of the defendant's conduct must be so extreme as to go beyond all possible bounds of decency and to be regarded as intolerable in a civilized community." *Taliani*, 2018 IL App (3d) 160327, at ¶ 26 (citing *Feltmeier v. Feltmeier*, 207 Ill. 2d 263, 270 (2003)). "Thus 'although fright, horror, grief, shame, humiliation, worry, etc. may fall within the ambit of the term emotional distress, these mental conditions alone are not actionable. The law intervenes only where the distress inflicted is so severe that no reasonable man could be expected to endure it.'" *Moore v. City of Chicago*, 2011 WL 1231318, *4 (N.D. Ill 2011) (quoting *Public Finance Corp. v. Davis,* 66 Ill.2d 85, 90 (1976) (cleaned up).

Case law shows that the Officer's conduct toward Romando was not extreme and outrageous for purposes of IIED. For example, in *Carr v. Village of Richmond*, the plaintiff alleged that she was held against a wall, slammed against the hood of the police

8

car, grabbed by her pony tail, and thrown into the police car. 1996 WL 663921, *8 (N.D. Ill 1996). The Court held that this conduct was not extreme and outrageous conduct for purposes of IIED. *Id.* The Court reasoned that "[t]he tort of intentional infliction of emotional distress does not exist in a vacuum and must be viewed in its pertinent context. The police often times use force when arresting someone, sometimes lawfully and sometimes excessively. Even if the force is unlawfully excessive, that alone does not make it extreme and outrageous. If it did, every claim of excessive force could be accompanied by a claim for intentional infliction of emotional distress." *Id.*

Here, Romando fails to meet the high standard for an IIED claim. Romando alleges that the Officers put the handcuffs on her too tight, ignored her pleas to be allowed to provide proof of insurance, and placed her in the back seat of the police car, where she defecated on herself. While these allegations may ultimately be proven to amount to excessive force, they do not amount to extreme and outrageous conduct for purposes of IIED. Accordingly, Romando's IIED claim is dismissed.

## IV. Excessive Force (Count I)

Defendants argue that Romando's excessive force claim must be dismissed because Romando supports her claim with only generalized allegations. We disagree.

An officer may be liable for the use of excessive force if "judging from the totality of the circumstances at the time of the arrest, the officer uses greater force than was reasonably necessary to effectuate the arrest." *Phillips v. Cmty. Ins. Corp.*, 678 F.3d 513, 519 (7th Cir. 2012). To determine if force is reasonable, the Court must

9

balance "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Stainback v. Dixon,* 569 F.3d 767, 772 (7th Cir. 2009) (cleaned up). "We consider the severity of the crime at issue, whether the suspect posed an immediate threat to the safety of the officers or others, and whether he was actively resisting arrest or attempting to evade arrest by flight" and "[w]e balance the amount of force used in relation to the danger posed to the community or to the arresting officers." *Smith v. City of Chicago,* 242 F.3d 737, 743 (7th Cir. 2001) (cleaned up).

Ordinarily, police officers are entitled to use some degree of physical force in effectuating an arrest. *Stainback*, 569 F.3d at 773. But "an officer may not knowingly use handcuffs in a way that will inflict unnecessary pain or injury on an individual who presents little or no risk of flight or threat of injury." *Id.* When arresting officers are aware of a preexisting injury or medical condition that could be aggravated by handcuffing an arrestee, the officers are "obligated to consider that information, together with the other relevant circumstances, in determining whether it was appropriate to handcuff" the arrestee. *Id.*

Defendants are correct to note that we are cautious to dismiss excessive force claims at this early stage. Romando alleges that the Officers violently charged and forcibly handcuffed her. She alleges that the handcuffs were too tight and injured her. She further alleges that she communicated to the Officers after the handcuffing that she had various medical conditions that could be aggravated due to the arrest. She requested

that she be handcuffed in front of her body instead of behind, and that she not be put in the tight confines of the back seat of the police car. Romando alleges that the Officers denied her requests and put her in the back seat of the police car, where she defecated on herself as a result of her medical conditions. Romando says that she never resisted arrest or otherwise posed a threat to the Officers. As a result of the arrest, Romando suffered physical and psychological damages.

Romando's arrest was for a minor and non-violent crime. She made the officers ware of her medical conditions and they allegedly ignored her. Therefore, these allegations, if proven, may have been unreasonable and excessive under the circumstances. Accordingly, the motion to dismiss Count I is denied.

V. **Assault and Battery (Count V)**

Defendants argue that Romando's assault and battery claim must be dismissed because the Offiers were permitted to use the force necessary to effectuate arrest. Defendants' argument fails for similar reasons to the excessive force claim.

Defendants are correct that under "Illinois law, police officers are permitted to use the amount of force necessary to effectuate an arrest." *McWilliams v. McWilliams*, 2007 WL 1141613, at *7 (N.D. Ill. 2007). Additionally, "[e]ven the most peaceful arrests necessarily incorporates assault and battery, as physical contact is a part of the process." *Id.* However, Romando alleges that the officers used more force than was necessary to effectuate her arrest. She alleges that the Officers intentionally disregarded her health and safety by handcuffing her too tightly and ignoring her pleas regarding

11

her medical conditions. Like her excessive force claim, this claim will succeed or fail based on whether the evidence ultimately shows that the Officers entitled to use this force to effectuate her arrest. Accordingly, the motion to dismiss Count V is denied.

## **CONCLUSION**

For the reasons mentioned above, the Court grants the Defendant's motion to dismiss in part. Counts VII and X are dismissed. The motion is denied with respect to the remaining claims. Status is set for 5/25/2021 at 10:40 a.m. It is so ordered.

Dated: 05/10/2021

_____
Charles P. Kocoras
United States District Judge